# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**ELIZABETH L. PERRIS**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK

**TRANSMITTED VIA ECF**

January 8, 2015

John W. Stephens
Esler, Stephens & Buckley, LLP
121 SW Morrison St. Ste. 700
Portland, OR  97204-3183

Laura J. Walker
1001 SW 5th Ave. #2000
Portland, OR  97204

Thomas R. Johnson
Perkins Coie LLP
1120 NW Couch St, 10th Floor
Portland, OR  97209-4128

Timothy S. Dejong
Stoll Stoll Berne Lokting & Shlachter PC
209 SW Oak St. Ste. 500
Portland, OR  97204

Thomas A. Larkin
Stewart Sokol & Larkin LLC
2300 SW 1st Ave. #200
Portland, OR  97201-5047

>  Re:  <u>Cox et al. v. Holcomb Family Limited Partnership et al.</u>
>       Adv. No. 14-3260

Dear Counsel:

   The purpose of this letter is to give you my ruling on plaintiffs' Motion for Remand, which was heard yesterday. The arguments of counsel were very helpful. Based on my review of the motion and documents submitted to the court in support of and in opposition to the motion, as well as my consideration of the arguments of counsel, I conclude that remand is appropriate in this case.

   Plaintiffs filed this class action complaint alleging violation of Oregon securities law arising from their purchase of

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 2

securities issued by Berjac of Oregon and Berjac of Portland, which subsequently merged ("Berjac"). Defendants are an Oregon individual and Oregon entities that are alleged to have materially aided or otherwise played an essential role in the fraud relating to the sale of the Berjac securities.

Berjac is a debtor in bankruptcy. Michael Holcomb and Gary Holcomb were general partners of Berjac. Involuntary petitions for bankruptcy relief were entered against both of them. The complaint alleges that Berjac, Michael Holcomb, and Gary Holcomb are not named as defendants in this action because they are debtors in bankruptcy.

The complaint was filed in state court. Defendants removed the case to federal court, alleging federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and bankruptcy "related to" jurisdiction under § 28 U.S.C. § 1334(b). On motion by plaintiffs, the district court declined to exercise jurisdiction under the CAFA and referred the complaint to this court to decide plaintiffs' motion for remand to state court.

1. Abstention

Plaintiffs ask this court to abstain from hearing this adversary proceeding, arguing that both permissive and mandatory abstention under 28 U.S.C. § 1334(c) apply.

For the reasons set out in Security Farms v. Internat'l Brotherhood of Teamsters, 124 F.3d 999, 1009 (9th Cir. 1997), I conclude that abstention is not applicable here, where the case has been removed to federal court. Therefore I will not abstain.

2. Equitable Remand

Plaintiffs ask the court to remand to state court under the equitable remand provision of 28 U.S.C. § 1452(b), which allows the court to remand "on any equitable ground."

   a. Preliminary matters

Defendants argue that plaintiffs waived the right to seek remand by amending their complaint to drop two of the claims for

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 3

relief. I agree with plaintiffs that they did not waive the right to seek remand by amending their complaint.

Plaintiffs argue that the district court effectively decided the remand motion in its analysis of the discretionary "interests of justice" exception to CAFA jurisdiction, so law of the case applies for purposes of equitable remand. I disagree. The district court considered different factors in deciding the CAFA issue from the factors that are relevant to equitable remand.

    b.   <u>Weighing of factors for equitable remand</u>

Plaintiffs seek equitable remand under 28 U.S.C. § 1452(b), which provides "an unusually broad grant of authority" to remand on any equitable ground. <u>In re McCarthy</u>, 230 B.R. 414, 417 (9th Cir. BAP 1999). Although courts have applied various tests, I conclude that it is appropriate to start with the 14 factors set out in <u>In re Cedar Funding, Inc.</u>, 419 B.R. 807, 820 (9th Cir. BAP 2009), and also to consider judicial economy and "the effect of bifurcating the claims and parties" and "the possibilities of inconsistent results." <u>In re Sequoia Village, LLC</u>, 2012 WL 478926 at *1 (Bankr. D. Or. 2012).[1]

---

[1] The fourteen factors from <u>Cedar Funding, Inc.</u> are:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in
(continued...)

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 4

    Some of the factors support retaining this adversary proceeding in bankruptcy court, some are neutral, and some support remand. On balance, I conclude that the factors supporting remand outweigh any factors that support keeping this case in bankruptcy court.

    i. <u>Factors favoring retention</u>

    I do not find that state securities law is so difficult or unsettled as to weigh in favor of state court. Further, there is no related litigation in a forum other than the bankruptcy court.

    There is no evidence of prejudice to plaintiffs by keeping the case in federal court. Plaintiffs' arguments about added expense or more stringent pleading rules is not the kind of prejudice that would weigh in favor of remand.

    ii. <u>Neutral factors</u>

    Factors (7) and (8) from the <u>Cedar Funding</u> case seem to apply only to core proceedings. This is not a core proceeding, so the factors are not applicable and are neutral to the remand decision.

    I do not see that there is forum shopping by either plaintiffs or defendants, other than the usual dispute over which court is the appropriate forum for trial.

    Nor do I think that comity is implicated here, where the complaint was removed from state court promptly. Thus, comity is a neutral factor.

    iii. <u>Factors favoring remand</u>

    I conclude that more factors weigh in favor of remand, and

---

[1](...continued)
the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

<u>Id.</u> at n.18 (citing <u>In re Enron Corp.</u>, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003)).

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 5

that some of these factors weigh particularly heavily in favor of remand.

The only claim in this complaint is a state law claim for violation of Oregon securities laws. Most of the plaintiffs (who chose to sue in state court) and all of the defendants are Oregonians. The conduct alleged occurred in Oregon in relation to securities issued by an Oregon entity. None of the parties are debtors in bankruptcy. There is no jurisdictional basis other than "related to" jurisdiction under 28 U.S.C. § 1334. These factors weigh heavily in favor of remand.

Although there will likely be some effect on the administration of the bankruptcy estates of Berjac, Michael Holcomb, and Gary Holcomb, this effect is not significant. If there are contribution claims to be asserted depending on the outcome of this litigation, those claims can be dealt with in the bankruptcy claims process. Also, it is not clear to me that this claim would be resolved more quickly in bankruptcy court than in state court. It could take some time in either forum.

This adversary proceeding is not closely related to the main bankruptcy case. Unlike in the Archdiocese case where the claims were asserted against the debtor, here the claim is being asserted against third parties. The possible existence of contribution claims does not closely tie this claim to the bankruptcy case.

Keeping this case in federal court could burden the bankruptcy court's docket. That court already has a number of adversary proceedings in the Berjac and the two Holcomb cases. Adding another in which a class action is asserted would increase the burden on that court.

The parties seem to agree that there is a right to a jury trial on this claim. The bankruptcy court cannot try a case to a jury without the consent of the parties. Therefore, it is likely that this case will need to be transferred from the bankruptcy court to some other court, either to district court if the case stays in federal court, or to the state court on remand. Because the bankruptcy court cannot try this adversary without consent, the right to a jury trial weighs in favor of remand to state

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 6

court, where the court dealing with the pretrial matters can also conduct the jury trial.

Defendants have not convinced me that judicial economy will be served by keeping this adversary proceeding in bankruptcy court. Although they argue that certain discovery could be consolidated with the discovery in the Berjac trustee's case against them, even defendants do not claim that the cases could be consolidated for trial. I agree with plaintiffs that it could be confusing for one jury to hear evidence on securities fraud claims at the same time as hearing evidence about fraudulent conveyance claims. I also agree with plaintiffs that, to the extent there is overlapping discovery to be done on this case and the Berjac trustee case, counsel can work out an efficient method for obtaining that discovery.

At the hearing, plaintiffs' counsel presented to the court a pleading from the Berjac trustee who asserted that, if consolidation of his case and this case were requested, he would oppose it. This reinforces my view that these two complaints are not so closely related - and this complaint is not so closely related to the bankruptcy estates - that it would be more efficient to try them together in bankruptcy or district court.

Finally, I am not convinced that there is a serious danger of inconsistent results from trying this case in state court and the Berjac trustee action in federal court. The claims asserted in the two complaints are based on very different theories, even though some of the underlying facts alleged are the same.

CONCLUSION

Based on my consideration of all of the factors, I conclude that this complaint should be remanded to state court. This is an Oregon law claim asserted by largely Oregon plaintiffs against Oregon defendants. The claim asserted is not closely connected to this bankruptcy case, the defendants acknowledge that trial of the claims against them asserted by the Berjac trustee should not be consolidated with trial of this complaint, and the Berjac trustee will oppose any consolidation. There is no indication that the state court cannot timely resolve this litigation. The effect of the outcome of this case will have on the bankruptcy estates of Berjac, Michael Holcomb, and Gary Holcomb can be

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 7

easily dealt with by the bankruptcy court.  The factors favoring remand heavily outweigh the factors that weigh in favor of retaining this adversary proceeding in bankruptcy court.

    Mr. Stephens should submit an order denying the motion for abstention and granting the motion for remand.  Because I am retiring on January 11, 2015, I would appreciate receiving the order no later than noon on January 9, so I can enter it while I am still here.

                                            Very truly yours,

                                            ELIZABETH L. PERRIS
                                            Bankruptcy Judge

cc:  Kenneth Eiler